# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JAMES MICHAEL MURPHY**, | Case No. 3:18-cv-01844-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **CITY OF HOOD RIVER,** *et al.*, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Before the Court is Defendants' motion to dismiss Plaintiff's Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff asserts three claims arising from Plaintiff's arrest by Officers of the Hood River Police Department on or about July 15th, 2016: (1) a violation of Plaintiff's Fourth Amendment rights by being unlawfully arrested, detained, and searched by the Officers, and their use of excessive force; (2) a violation of Plaintiff's Fourth Amendment rights based on the City of Hood River's failure to adequately train, monitor, and supervise its Police Officers; and (3) an Oregon common-law

negligence claim for failure to exercise reasonable care. The first two claims are brought under 42 U.S.C. § 1983. Defendants argue that the claims should be dismissed for failure to state a claim upon which relief may be granted, for failing to give tort notice as required by Oregon law, and because at least some of Plaintiff's claims are barred by the applicable statute of limitations. Defendants request in the alternative that Plaintiff be ordered to amend his Complaint to make it more definite. For the following reasons, Defendants' motion is denied in part and granted in part.

## BACKGROUND

The following background is drawn from Plaintiff's Second Amended Complaint. Plaintiff alleges that on or about July 15, 2016, Hood River Police Department Officers parked an automobile against the curb in a narrow section of a road in Hood River, which forced Plaintiff to cross the double yellow line so his truck could safely pass the automobile. Officers then initiated a stop and requested that Plaintiff exit his vehicle and perform field sobriety tests. Plaintiff complied, but during the encounter, Plaintiff began to experience chest discomfort and was transported to Hood River Providence Hospital's emergency department.

At the hospital, Defendant Officer Miller read Plaintiff his implied consent rights and explained Plaintiff's right to refuse a blood draw. Plaintiff alleges that as Officer Miller explained Plaintiff's rights, the other Officers present forcibly pinned Plaintiff to his hospital bed and held down Plaintiff's arms and legs while a nurse attempted to draw his blood. Officer Miller then asked Plaintiff if he would consent to a blood draw to which Plaintiff answered no. Officer Miller allegedly joined the other Officers pinning Plaintiff down so that the nurse could obtain the blood draw. Plaintiff also alleges that during this process another Officer slammed Plaintiff's head into a metal cabinet causing a laceration to Plaintiff's forehead.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted

unlawfully." *Mashiri v. Epstein Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

## DISCUSSION

### A. Notice Pursuant to the Oregon Tort Claims Act

Defendants argue that Plaintiff has not complied with the notice requirement of the Oregon Tort Claims Act ("OTCA"), and therefore that his common law negligence claim must be dismissed. In Oregon, a plaintiff may pursue common law tort claims against public bodies and employees under the OTCA, but the plaintiff must first timely file a tort claim notice. The plaintiff bears the burden of establishing that the requisite notice was given, Or. Rev. Stat. § 30.275(7) (hereinafter "O.R.S."), and "[t]he requirement that notice be given timely is a substantive condition precedent to recovery under the Oregon Tort Claims Act that, if not satisfied, deprives a plaintiff of the right to make a claim." *Tyree v. Tyree*, 116 Or.App. 317, 320 (1992).

The OTCA mandates that "[n]otice of a claim shall be given . . . within 180 days after the alleged loss or injury." O.R.S. § 30.275(2)(b). Notice may be satisfied by formal notice or actual notice, or by commencement of an action on the claim. O.R.S. § 30.275(3). Formal notice requires that notice of a claim be given by mail or personal delivery "to the public body at its principal administrative office, to any member of the governing body of the public body, or to an attorney designated by the governing body as its general counsel" if the claim is against a local public body or an officer or employee of the public body. O.R.S. § 30.275(5)(b).

Actual notice is defined as

> any communication by which any individual to whom notice may
> be given as provided in subsection (5) of this section or any person
> responsible for administering tort claims on behalf of the public
> body acquires actual knowledge of the time, place and
> circumstances giving rise to the claim, where the communication is

> such that a reasonable person would conclude that a particular
> person intends to assert a claim against the public body or an
> officer, employee or agent of the public body. A person
> responsible for administering tort claims on behalf of a public body
> is a person who, acting within the scope of the person's
> responsibility, as an officer, employee or agent of a public body or
> as an employee or agent of an insurance carrier insuring the public
> body for risks within the scope of ORS 30.260 to 30.300, engages
> in investigation, negotiation, adjustment or defense of claims
> within the scope of ORS 30.260 to 30.300, or in furnishing or
> accepting forms for claimants to provide claim information, or in
> supervising any of those activities.

O.R.S. § 30.275(6). A "public body" means state government bodies, local government bodies and special government bodies. ORS §§ 30.260; 174.109.

Plaintiff's alleged injury occurred on or about July 16th, 2016, and therefore Plaintiff needed to provide notice within 180 days of that date in order to be allowed to file a negligence claim. Defendants argue that Plaintiff's Second Amended Complaint solely alleges that Plaintiff provided tort claim notice to the Hood River District Attorney's Office in August 2016. The Defendants conclude that because the District Attorney is a State Actor, and is not an agent of, or employed by the City of Hood River, Plaintiff has not complied with the requirements of the OTCA and that his negligence claim must therefore be dismissed.

Plaintiff responds that Plaintiff stated in his original complaint (which Plaintiff filed pro se) that Plaintiff provided actual notice both to the Chief of Police of the City of Hood River and to the City of Hood River Attorney "as early as November 2016 through multiple communications via the Hood River District Attorney's Office, HRPD and contact with the City of Hood River Attorney." ECF 1-4. Defendants do not dispute that the Chief of Police and the City of Hood River Attorney are entities to whom actual notice could be provided under O.R.S. § 30.275(6). Instead, Defendants argue that all Plaintiff alleged in his initial complaint were "communications" with those entities, or a request for investigation, rather than a specific

allegation that Plaintiff would be filing a claim. ECF 14. Defendants cite *Plumeau v. Sch. Dist. No. 40 Cty. of Yamhill*, 130 F.3d 432 (9th Cir. 1997), and *Bepple v. Shelton*, 2016 WL 8674613 (D. Or. August 5, 2016), for the proposition that a communication by a plaintiff that solely concerns an investigation of alleged tortious behavior, as opposed to a communication that the plaintiff will potentially bring a tort claims regarding that event, is insufficient to establish actual notice under the OTCA.

Defendants misread both cases. In these cases, the court found there was no actual notice solely because the plaintiff did not notify the property entity, not because there was a deficiency in the communication. *See Plumeau*, 130 F.3d at 437 ("Notice must be provided to the person responsible for investigating tort claims brought against the agency."); *Bepple*, 2016 WL 8674613, at *7 ("Therefore, the Court cannot conclude that the SIU or Steward is 'responsible for administering claims,' and Lewis has failed to show that she gave actual notice to a person or entity authorized by the OTCA.")

The plain text of the statute makes clear that the OTCA does not require that Plaintiff to specifically inform an agent of the public body that the Plaintiff intends to file a claim. Actual notice simply requires "knowledge of the time, place and circumstances giving rise to the claim, where the communication is such that a reasonable person would conclude that a particular person intends to assert a claim against the public body or an officer, employee or agent of the public body." ORS § 30.275(6). Plaintiff alleged in his original pro se complaint that the City of Hood River "was put on notice of the negligence and the battery/violation of civil rights . . . through multiple communications . . . and contact with the City of Hood River Attorney." On a motion to dismiss, all reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus.*, 513 F.3d at 1043 n.2. It is a reasonable inference that Plaintiff's

alleged communications show that the City of Hood River obtained knowledge of the time, place and circumstances giving rise to the claim, and that a reasonable person would conclude that Plaintiff intended to assert a claim against the public body or an officer. To the extent that an amendment of Plaintiff's Second Amended Complaint under Federal Rule of Civil Procedure 15 may be necessary to formalize this construction of Plaintiff's negligence complaint, the Court exercises its discretion to permit such an amendment. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003).

**B. Statute of Limitations for Conduct Prior to July 16th, 2016**

Defendants argue that portions of Plaintiff's claims for relief are barred by the statute of limitations. The applicable statute of limitations under Oregon law for negligence and battery is two years. *See* O.R.S. § 12.110(1); *see also Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 580 (9th Cir. 2012) (applying Oregon's residual two-year statute of limitations for personal injury actions to a § 1983 action). Plaintiff filed his Complaint on July 16th, 2018. Defendants argue that Plaintiff states in his Second Amended Complaint that he was stopped by Officers of the Hood River Policy Department on July 15th, 2016, and that to the extent Plaintiff is complaining of any conduct that occurred on July 15th, those complaints are time barred.

Plaintiff responds that the tortious conduct that he is alleging occurred after midnight and therefore on July 16th, 2016. Plaintiff states that the conduct occurred after Plaintiff's admission to Providence Hood River Hospital, and that Plaintiff was admitted at "0:28" on "7/16/16" as indicated on his hospital chart. Plaintiff has offered to amend his complaint to specify the timing of these allegations. The Court exercises its discretion to permit such an amendment. *Eminence Capital, LLC*, 316 F.3d at 1051-52.

## C. Statute of Limitations for Individually Named Defendants

Plaintiff's original Complaint, filed pro se, named only the City of Hood River and "HRPD" as defendants in the case caption. Defendants argue that because Officers Miller, Pulido, Martin, and Goe were not named in the caption as Defendants until Plaintiff filed his Second Amended Complaint on December 3rd, 2018, the applicable statute of limitations had run for claims against these Defendants and that these claims must therefore be dismissed. Defendants also argue that the relation back rule under Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure does not apply here, and therefore Plaintiff may not amend his Complaint to add these named Defendants to the caption.

Plaintiff responds by citing *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082 (9th Cir. 1983). The Ninth Circuit made clear in *Rice* that "the question of whether a defendant is properly in a case is not resolved by merely reading the caption of a complaint. Rather, a party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant." *Id.* at 1085. Plaintiff's original complaint expressly stated that the relief requested was "for battery, unlawful search and seizure, and negligence in the proper training of the city's law enforcement personal [sic]." ECF 1-4. Plaintiff then specifically named Officers Miller, Pulito, and Martin in the body of the Complaint and specifically described their allegedly tortious actions. It is clear from Plaintiff's original complaint that he was alleging that these specific named Officers battered and unlawfully searched and seized plaintiff, and that "HRPD" in the caption was intended to include these specific officers as defendants.

Defendants argue that *Rice* is distinguishable because *Rice* concerned a discrimination suit under Title VII rather than a "simple tort claim." But the Court does not read *Rice*, as Defendants argue, to therefore be "limited to discrimination lawsuits." Instead, *Rice* stated that a simple tort claim, "unlike Title VII, is not part of a statutory scheme 'in which laymen,

PAGE 8 – ORDER

unassisted by trained lawyers, initiate the process.'" *Id.* at 1086 (quoting *Love v. Pullman Co.*, 404 U.S. 522, 527 (1972)). But in this case the Complaint was filed pro se, and therefore the process was initiated by a layman, unassisted by trained lawyers. *Rice* quoted the Fourth Circuit to explain its rationale, which is also entirely applicable in this case:

> A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant, as is the case here, it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else.

*Id.* at 1085 n.2 (quoting *United States v. A.H. Fischer Lumber Co.*, 162 F.2d 872, 873 (4th Cir. 1947)). The Court finds that Plaintiff's original Complaint intended for the named Officer Defendants to be among the defendants.[1] Therefore, Plaintiff's complaint was within the statute of limitations, and, as in *Rice*, "Rule 15(c) is inapplicable here in light of our holding that the proper defendant was named in the original pleading." *Id.* at 1086.

### D. Facts Establishing Liability Against the City of Hood River

Defendants argue that Plaintiff has failed to allege sufficient facts against the City of Hood River to establish liability against the municipality. Local governments can be sued directly under § 1983 for violations of constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). But a local government cannot be held liable under § 1983 on a respondeat superior theory. *Id.* at 691-94. Liability only attaches where the municipality itself causes the constitutional violation through "execution of a government's policy or custom,

---

[1] Plaintiff concedes that Reserve Officer Goe was not named in the body of Plaintiff's initial pro se Complaint. Instead, Plaintiff asserts that Reserve Officer Goe was added to the First Amended Complaint on October 4th, 2018. Because the statute of limitations expired on July 16th, 2018, and because Plaintiff makes no other argument for why Reserve Officer Goe should remain in the case, Plaintiff's claims against Reserve Officer Goe are dismissed.

whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Id.* at 694. Municipal liability may be premised on: (1) conduct pursuant to an expressly adopted official policy; (2) a longstanding practice or custom which constitutes the 'standard operating procedure' of the local government entity; (3) a decision of a decision-making official who was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision; or (4) an official with final policymaking authority either delegating that authority to, or ratifying the decision of, a subordinate. *See Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008). After alleging one of the above methods of liability, the plaintiff must allege that the challenged municipal conduct was both the cause in fact and the proximate cause of the constitutional deprivation. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

The Ninth Circuit has adopted a permissive standard for determining when a complaint adequately sets forth a *Monell* claim:

> In this circuit, a claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss 'even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice.'

*Karim-Panahi v. Los Angeles Police Dep't.*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Shah v. County of Los Angeles*, 797 F.2d 743, 747 (9th Cir. 1986)). The Ninth Circuit has also expressly addressed how this standard should be applied to *Monell* claims following *Iqbal* and other intervening Supreme Court decisions:

> [W]hatever the difference between [*Swierkiewicz*, *Dura Pharmaceuticals*, *Twombly*, *Erickson*, and *Iqbal*], we can at least state the following two principles common to all of them. First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself

> effectively. Second, the factual allegations that are taken as true
> must plausibly suggest an entitlement to relief, such that it is not
> unfair to require the opposing party to be subjected to the expense
> of discovery and continued litigation.

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011); *see also AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (applying *Starr* standard to *Monell* claims).

In this case, Plaintiff alleges specific conduct by Officers of the City of Hood River Police Department. Plaintiff also alleges that the City of Hood River was deliberately indifferent to Plaintiff's rights "by failing to adequately train, monitor, or supervise its officers" and by "failing to promulgate a policy, procedure, or practice to properly train Defendant's officers." ECF 11. The Court finds that this is not a bare legal conclusion, because Plaintiff is alleging that but for the lack of proper training, monitoring, or supervision, the officers would not have engaged in the conduct that Plaintiff alleges injured him. As the Ninth Circuit has explained, a plaintiff may recover from a municipality under § 1983 on three different theories: commission, omission, or ratification. *See Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249-50 (9th Cir. 2010). The facts Plaintiff assert allege a theory of omission against the City of Hood River, which refers to a local government's deliberate indifference to a constitutional right and includes, for example, the inadequate training of government officials. *Id.* The Court therefore finds that "[b]ecause the complaint provides the City with fair notice of [Plaintiff's] theories and the facts that underlie them and plausibly suggest an entitlement to relief, [Plaintiff] has satisfied the minimal pleading requirements to survive a motion to dismiss under Rule 12(b)(6)." *Heath v. City of Desert Hot Springs*, 618 Fed.Appx. 882, 885 (9th Cir. 2015) (denying motion to dismiss claim for municipal liability).[2]

---

[2] Plaintiff has similarly alleged adequate facts to assert a negligence claim against the City of Hood River. Plaintiff asserts that the City of Hood River has a duty to exercise reasonable care in the training and supervision of their employees and agents" and that the

## CONCLUSION

Defendants' Motion to Dismiss (ECF 12) is GRANTED with regard to Plaintiff's claims against Reserve Officer Goe and is otherwise DENIED. Plaintiff is granted leave to amend his complaint within 14 days consistent with this Order.

**IT IS SO ORDERED.**

DATED this 20th day of February, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

Officers' alleged illegal search and seizure of Plaintiff was a breach of this duty of care, causing Plaintiff to suffer damages. *See Fazzolari v. Portland Sch. Dist. No. 1J*, 303 Or. 1, 17 (1987).